UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| Steven M. Fitten<br>300 Vista del Rey Drive<br>El Paso, TX 79912<br><br><br>**Plaintiff** *Pro Se,*<br>v.<br><br>Christine Wormuth, Secretary<br><br>Department of the Army (DA)<br>101 Army Pentagon<br>Washington, DC 20301-0101<br><br>**Defendant** | Case No:<br><br>**CV422-107**<br><br><br><br><br><br><br>**Complaint for Employment<br>Discrimination<br>and Jury Demand** |

## JURISDICTION AND VENUE

1. This action is brought by Steven M. Fitten, Plaintiff *Pro Se*, to redress

   employment discrimination and retaliation pursuant to Title VII of the 1964 Civil

   Rights Act as Amended (42 USC §§ 2000e *et seq.*) (Title VII), upon the basis of

   race (African, Hispanic and Native American ancestry); reprisal (prior Title VII

   protected activity); and age (presently 70, born in 1951) under the Age

   Discrimination in Employment Act (ADEA) as amended, 29 USC §§ 621 *et seq.*

2. Jurisdiction and venue is  proper under 42 USC § 2000e-5(f)(3), as brought in the

   judicial district and state in which the unlawful employment practices, agency

   actions and decisions adverse to the Plaintiff occurred: to wit, the Savannah

   District Office of the U.S. Army Corps of Engineers (USACE); in the judicial

   district in which the employment records  are maintained and administered; or in

the judicial district in which the Plaintiff would have worked but for the alleged

unlawful employment practices complained of herein; as well as 28 USC § 1331;

28 USC § 1391, where a substantial part of the events or omissions giving rise to

the instant employment discrimination claim occurred ; 28 USC § 1332 (a) being

a controversy greater than $75,000; 5 USC § 7703(b)(2); and 42 USC § 1343.

3. Defendant, Christine Wormuth, is the Secretary of the Army, responsible for the

administration of the Department of the Army (DA) as the official federal agency

head, including the discriminatory actions taken by said agency employees

complained of herein that transpired at the USACE Savannah District Office.

4. At all times of the discrimination complained of, the DA employed well in excess

of 200 employees full time.

## STATEMENT OF CLAIM

5. The Plaintiff, Steven M. Fitten, presently age **70**, is a **male** with **African,**

**Hispanic and Native American** ancestry. He was admitted to practice law in

Ohio and federal courts in 1978. Plaintiff served as a JAG on active duty with the

U.S. Coast Guard (1989-1993) and reservist with the U.S. Air Force (USAF) and

Air National Guard (ANG) in Maine and California (1993-2000). His federal

civilian career spans thirty (30) years in the 0905 and 1102 series, beginning as a

GS-1102-9 and culminating as a GG-0905-15. Plaintiff was employed by the

USAF in the 1102 series from October 1983 thru December 1997. He transitioned

into the 0905 series beginning in January 1990, and has been employed by the

Army, Air Force, and International Boundary & Water Commission (IBWC) as

an attorney from January 1998 until retirement in March 2013. Plaintiff is also

certified by the Defense Acquisition University (DAU) as a Level III Acquisition

Professional (the highest level) and has performed the responsibilities and duties

as a contract negotiator, contract specialist, cost/price analyst and contracting

officer. He has taught all of the DAU Level II courses for Webster University at

the Fort Bliss, TX campus and those leading to a MA degree in Procurement.

6.  Since retirement, Plaintiff has maintained his proficiency in the federal

acquisition field by teaching all of the requisite DAU Level II Federal acquisition

certification courses; and law specialty areas required of an Administrative/Civil

Law Division DoD attorney (Administrative & Civil Law, Contract Law,

Environmental Law, FOIA/Privacy Act, International Law, Labor/Employment

Law, and Legal Assistance, Real Estate, and Contract and Tort Claims) through

his private law practice *pro bono* and continuing legal education (CLE) courses.

Plaintiff is retired as a CSRS annuitant, unemployed at the time of application and

remains so presently.

7.  Between on or about 1 October 2016 and 20 June 2018, Plaintiff applied for three

(3) Army civilian contract attorney vacancies (two GS-0905-13 and one GS-0905-

14) located at the USACE Savannah District Office. These attorney vacancies

were published thru USAJOBS as Vacancy ID 1778388 (GS-14 Contract

Attorney, opened on or about 1 October 2016); Vacancy ID 1879054 (GS-13

Contract Attorney, opened on or about 1 April 2017); and

SCGW188834782142D1778388 (GS-13 Contract Attorney, opened on or about

20 June 2018). Plaintiff was qualified to apply for all of the vacancies as a status

candidate, U.S. citizen, military veteran and retired federal civilian annuitant. Plaintiff's

application materials contained SF-50s and a DD-214 as proof of a status candidate

applicant. As a status candidate, military veteran, and former federal employee, Plaintiff is eligible for hiring on a non-competitive basis.

8.  On 10 May 2017, Plaintiff received a notice from USAJOBS and the Savannah District Office Civilian Personnel Advisory Center (CPAC) that he was an ineligible applicant for the GS-13 Contract Attorney vacancy (Vacancy ID 1879054), as being outside the Area of Consideration. After contacting the CPAC for clarification and an explanation, Plaintiff was advised by HR Specialist Samuel J. Robinson, that he could not be referred for selection consideration as a retired federal civilian employee. Consequently on 10 May 2017, Plaintiff contacted the USACE Savannah District EEO Office to file an employment discrimination complaint regarding his non-referral, based upon age, race and reprisal. Plaintiff notified CPAC that same day that he had filed an EEO complaint. Subsequently, Robinson's, supervisor, Ms Nichole R.McAbee, the CPAC Human Resources Officer, reviewed Plaintiff's application package and confirmed his eligibility as a status candidate the following day on 11 May 2017. Furthermore, Ms McAbee determined that Plaintiff should have been referred as a best qualified candidate and was given priority hiring consideration on a non-competitive basis, for any like or similar attorney vacancy, before any competitive candidates were considered.

9.  While candidates had still not been interviewed for the GS-13 Contract Attorney vacancy (Vacancy ID 1879054) as of 11 May 2017 and there was still sufficient time to refer Plaintiff for selection, Plaintiff was not interviewed nor considered for hiring. Likewise, on 17 May 2017, Plaintiff was informed that he was not interviewed or selected for the GS-14 Contract Attorney vacancy (Vacancy ID 1778388). When another contract attorney vacancy became available on or about

20 June 2018, Plaintiff was by-passed for hiring consideration again, and for every like or similar attorney vacancy with the Savannah USACE District Office ever since then.

10. The USACE CPAC staff, selecting and hiring officials were well aware of Plaintiff's EEO complaint filed on 10 May2017 and deliberately refrained from considering him for hiring consideration based upon his age, race, and retaliation. Plaintiff's referral exclusion as a retired federal employee also reflects a class-wide policy that discriminates based upon age, with the vast majority of retired annuitants being age 55 and older being by-passed from hiring consideration for job vacancies.

11. An EEOC hearing and Final Agency Decisions (FAD) were requested, rendered and served upon the Plaintiff on 7 February 2022 by Certified Mail and is attached hereto as authorization to file this action.

## COUNT I

12. Plaintiff re-alleges and incorporated by reference all of the preceding 11 paragraphs as if fully re-written and alleged herein.

13. All of the acts of employment discrimination complained of herein were committed because of the Plaintiff's race and violate Title VII of the 1964 Civil Rights Act as amended, 42 USC § 2000e *et seq*.

## COUNT II

14. Plaintiff re-alleges and incorporates by reference all of the preceding 13 paragraphs as if fully re-written and alleged herein. The discrimination

complained of were knowingly, intentionally, deliberately and willfully committed by the defendant agency employees because of his age, presently 70, and constitutes a violation of the ADEA, 29 USC § 621 *et seq*.

## COUNT III

15. Plaintiff re-alleges and incorporates by reference all of the preceding 14 paragraphs as if fully re-written and alleged herein. The discrimination complained of were knowingly, intentionally, deliberately and willfully committed by the defendant agency employees because of reprisal for engaging in protected activities under Title VII of the 1964 Civil Rights Act as Amended (42 USC §§ 2000e *et seq*.) (Title VII); the Age Discrimination in Employment Act (ADEA) as amended, 29 USC §§ 621 *et seq*

## PRAYER FOR RELIEF

16. WHEREFORE, plaintiff prays that the Defendant be enjoyed from committing further acts of discrimination complained of herein; direct Defendant to immediately hire Plaintiff and award his costs and expenses incurred herein plus attorney fees; award back pay along with an equal amount of back pay as liquidated damages under the ADEA plus interest accrued; and any additional declaratory and injunctive relief deemed necessary and proper by the honorable Court.



**DEPARTMENT OF THE ARMY**
OFFICE OF THE ASSISTANT SECRETARY
MANPOWER AND RESERVE AFFAIRS
111 ARMY PENTAGON
WASHINGTON, DC 20310-0111

January 19, 2022

SAMR-EI

Mr. Steven M. Fitten
300 Vista del Rey 7 Drive
El Paso, Texas 79912

> Complaint of Steven M. Fitten v.
>   Christine E. Wormuth, Secretary of the Army
> DA Docket Number: ARCESAV17JUN01802
> EEOC Case Number: 410-2019-00531X

Dear Mr. Fitten:

This is the Department of the Army's final decision in the Complainant's equal employment opportunity (EEO) complaint, which was filed on July 11, 2017, with the EEO Office, U.S. Army Corps of Engineers, Savannah District, Savannah, Georgia.

### Final Decision

Pursuant to my authority to decide this matter on behalf of the Secretary of the Army, I find that the Complainant was not subjected to discrimination based upon the evidence in the case file and for the reasons cited below. Since he is not a prevailing party, he is not entitled to any relief, including attorney's fees or costs.

### Procedural and Factual Background

The Complainant claimed that he was subjected to discrimination based upon race (African, Hispanic and Native American), age (65, born October 9, 1951) and reprisal (prior EEO activity) when he learned he was not referred for a General Attorney, GS-0905-13, position, Vacancy Announcement SWGW178399951879054.[1]

I note that an investigation was conducted by the Department of Defense Investigations and Resolutions Directorate. The Complainant was notified of the option

---

[1] The Investigator's Declaration states that in the Complainant's Declaration, he requested to amend the complaint to include two subsequent non-selections. The Investigator informed him that if he wanted to amend the instant complaint, he needed to contact the EEO office directly. Whereas the EEO Office did not include any amendments to the initial complaint that was accepted for investigation, this final agency decision will only address the merits of the accepted claim [Complaint File p. 239].

- 2 -

to request either a hearing before an Equal Employment Opportunity Commission (EEOC) administrative judge (AJ) or a final Army decision based upon the evidence in the case file. He initially requested a hearing, but subsequently withdrew that request and asked for a final agency decision. As a result, the EEOC AJ dismissed the hearing request with prejudice and remanded the case to this office for a final agency decision based upon the evidence of record.

## Legal Framework

In any proceeding, either judicial or administrative, involving a charge of discrimination, it is the complainant's burden to prove that prohibited discrimination was the motivating factor in the actions or policies challenged. To satisfy this burden by circumstantial evidence, the complainant must first establish a *prima facie* case of discrimination. *See McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973); *Furnco Construction Company v. Waters*, 438 U.S. 567 (1978). This means that the complainant must present a body of evidence such that, were it not rebutted, the finder of fact could conclude that unlawful discrimination did occur.

The analysis in *McDonnell Douglas* prescribes that if the complainant meets his or her burden of presenting a *prima facie* case, then the employer or Agency must articulate some legitimate, nondiscriminatory reason(s) for its actions. That is, the employer must ". . . introduce evidence which, *taken as true*, would *permit* the conclusion that there was a nondiscriminatory reason for the adverse action." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993). Once the employer or Agency carries this burden of production, the presumption of discrimination created by the *prima facie* finding "drops from the case."

The complainant then must demonstrate that the proffered reason was not the true reason for the employment decision and that unlawful discrimination was. The complainant retains the ultimate burden of persuading the finder of fact that the Agency intentionally discriminated against the complainant.

To establish a *prima facie* case of discrimination based upon race with regard to a promotion or hiring issue, the complainant must show: (1) that he is a member of a group protected by Title VII of the Civil Rights Act of 1964, as amended; (2) that he applied and was qualified for a job for which the employer was seeking applicants; (3) that despite those qualifications, he was not selected; and (4) that after the rejection, the position remained open and the employer continued to seek applications from persons of similar qualifications, or that he applied for a vacant position, for which he was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination.

To establish a *prima facie* case of discrimination based upon age with regard to a promotion or hiring issue, the complainant must show: (1) that he is a member of the

- 3 -

group protected by the Age Discrimination in Employment Act (ADEA), as amended; (2) that he applied and was qualified for a job for which the employer was seeking applicants; (3) that despite his qualifications, he was not selected; and (4) that after his rejection, the position remained open and the employer continued to seek applications from persons of similar qualifications, or that he applied for a vacant position, for which he was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination.

Title VII of the Civil Rights Act of 1964, as amended, forbids employer retaliation against employees for making a charge, testifying, assisting, or participating in a Title VII investigation, proceeding, or hearing. *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006). To establish a *prima facie* case of retaliation based on indirect evidence, a Complainant must show: (1) participation in protected EEO activity; (2) the Agency knew of the protected EEO activity; (3) the Agency subsequently took an adverse, retaliatory action; and a nexus exists between the protected activity and the adverse treatment. *Bourget v. Dep't of the Army*, EEOC Appeal No. 0120120994 (August 20, 2013). A nexus may be shown by evidence that the adverse treatment followed the protected activity within such a period of time and in such a manner that a retaliation motive is inferred. *Moore v. Dep't of Health & Human Services*, EEOC Appeal No. 0120111675 (April 30, 2010).

Pursuant to the framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), "[i]f the employee establishes a *prima facie* case, the burden shifts to the employer to state a legitimate, non-retaliatory reason for its decision. Then, the burden shifts back to the employee to demonstrate that the employer's reason is actually a pretext for retaliation." To establish pretext, a complainant must prove by a preponderance of the evidence that retaliation for the prior protected activity more likely than not caused the challenged actions. *Petitioner v. Interior*, EEOC Petition No. 0320110050 (July 16, 2014).

### *Prima Facie* Case Analysis

The EEOC has stated that in cases when the agency has established a legitimate, nondiscriminatory reason for its actions in meeting its burden on the merits, consideration of a *prima facie* case is not necessary. The EEOC has stated that the issue of discrimination may be resolved by determining whether the agency's reasons were a pretext for discrimination. *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711 (1993); see also *Thompson v. GSA*, EEOC Appeal No. 01953924 (March 13, 1997). Accordingly, we will proceed with the analysis, assuming for argument's sake, that a *prima facie* case of discrimination has been established.

- 4 -

### Complainant's Claim and Management's Response

In a Declaration Under Penalty of Perjury, the Complainant stated that his prior EEO complaint activity against the U.S. Army Corps of Engineers consisted of complaints against the Honolulu, Sacramento, Seoul, and San Francisco District Offices.

The Complainant claimed that he was not referred for the position of General Attorney, GS-0905-13, position, Vacancy Announcement SWGW178399951879054, at the Savannah District Office.  He said Human Resources (HR) personnel conceded there was no legal basis preventing his referral.  He said that Ms. Nichole McAbee, HR Officer, informed him that since "the position was open to reinstatement eligible, you should not have been screened from the list of eligible candidates based on the fact that you were also a retired federal employee."  She also stated "had you not been screened out based on this factor, you would have been among those referred to the selecting officials for consideration."  The Complainant contends he would have been one of the best qualified applicants and that he would have received an interview [Complaint File [CF] pp. 157 - 159].

In a Declaration Under Penalty of Perjury, Ms. Nichole McAbee stated that at the time of the matter at issue, she was the Human Resources Officer, GS-0201-13.  She denies knowledge of the Complainant's race or age and was not aware of his EEO activity until he submitted an applicant inquiry.

Ms. McAbee said the Complainant "was not referred by the servicing Human Resources Specialist due to that specialist misunderstanding regarding how to screen out applicants who are retired Federal Employees but whom retain the ability to apply as reinstatement eligible employees.  That specialist was verbally counseled on the correct way to process future reinstatement eligible applicants who are also retired federal employees and Mr. Fitten was granted priority consideration for the next like/similar vacancy."  Ms. McAbee noted that the HR Specialist who made the error is an African-American Veteran, who is over the age of 40.  She contends the error was a result of incorrect understanding or lack of training and that the only remedy she could grant was priority consideration, because the position at issue had already been filled [CF pp. 160 - 161].

In a Declaration Under Penalty of Perjury, Mr. Samuel Robinson, Jr. stated that at the time of the matter at issue, he was an HR Specialist, GS-0201-11.  He denies knowledge of the Complainant's race, age, or prior participation in protected EEO complaint activity.  He said, "I coded out Mr. Fitten based on him being Out of the area of consideration (IAOC) only because he was retired from federal service and the vacancy announcement was not open to Reemployed Annuitants eligible" [CF pp. 162 - 163].

- 5 -

In an email from Mr. Samuel Robinson, Human Resources Specialist, to the Complainant, dated May 11, 2017, he states that the Complainant was "coded out as Out of the area of consideration (IAOC) only because you have retired from federal service and the vacancy announcement was not open to Reemployed Annuitants eligible." He refers the Complainant to the Reemployed Annuitant information sheet if he is interested in employment as a reemployed annuitant [CF pp. 44 – 45].

In an email from Ms. Nichole McAbee to the Complainant, dated June 9, 2017, she states, "As the Human Resources Officer for the Southeast Atlantic Civilian Personnel Advisory Center, I have final authority and responsibility for ensuring accurate human resources advisory and servicing. I have reviewed the circumstances surrounding your inquiry initially received on 10 May 2017, identifying that you were not referred for the position of Attorney-Adviser (Contract), GS-0905-13, announcement SCGW178399951879054. As a result of this review, I have determined that you are correct. Based on the fact that your eligibility for the position was reinstatement, and that the position was open to reinstatement eligible, you should not have been screened from the list of eligible candidates based on the fact that you are ALSO a retired federal employee. I have further determined that had you not been screened out based on this factor, you would have been among those referred to the selecting officials for consideration." She states, however, that although he would have been referred for consideration, management would not have been able to select him based on additional criteria surrounding the hiring of retired federal employees, or rehired annuitants. "Specifically, the position for which you applied for did not meet the criteria for the appointment of a rehired annuitant." She states that, "Based on these findings and that the position in question has been filled, you are now entitled to priority consideration." In an email from the Complainant to Ms. McAbee (Cc: Suellen Yates), dated July 11, 2017, he acknowledges that he has been given priority consideration for the next attorney vacancy at USACE Savannah. He contends that Ms. McAbee's "assumption that the selecting official (USACE District Counsel) would have been unable to hire me as a re-employed annuitant, given the criteria of DoDI 1400.25 Vol 300, is incorrect for several reasons" [CF pp. 9 – 12].

The case file contains a memorandum for the Complainant signed by Ms. McAbee, dated June 8, 2017, Subject: Priority Consideration. It states that he will receive priority consideration based upon not receiving consideration for the position of Attorney-Adviser (Contract), GS-0905-13, announcement SCGW178399951879054 at Savannah, Georgia, on May 10, 2017. "It has been determined that you would have been referred amongst the best qualified group of candidates had you not missed proper consideration." It states that the Complainant is entitled to one priority consideration and will be referred for the next Attorney-Adviser (Contract), GS-0905-13 position at Savannah, Georgia, before other competitive candidates are referred. The selecting official must consider a priority candidate, but is not obligated to select the priority candidate [CF p. 108].

- 6 -

The case file contains a Notification of Personnel Action showing that the Complainant voluntarily retired effective May 3, 2013 [CF p. 127].

### Analysis

Management's explanations for its actions are reasonable and nondiscriminatory. See *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

The evidence shows that Mr. Robinson erred in excluding the Complainant from those referred to the selecting official for consideration. He said that he coded out the Complainant as Out of the area of consideration (IAOC) only because he had "retired from federal service and the vacancy announcement was not open to Reemployed Annuitants eligible." The Complainant has failed to show that Mr. Robinson had knowledge of his protected bases, or that he intentionally excluded the Complainant from the referral list based on discriminatory animus.

The Commission holds that mistake or error does not establish pretext. *See Carroll v. Dep't of Justice*, EEOC Appeal No. 01A20985, 2003 EEOPUB LEXIS 332 (Jan. 21, 2003)(discrimination not found where there was inadvertent failure to consider prior work experience). Pretext involves more than a mistake. It means that the reason offered by management is factually baseless, is not the actual motivation for the action, or is insufficient to motivate the action. The Complainant has not established pretext in this matter.

Ms. McAbee acknowledged that Mr. Robinson erred in his application of the exclusion criteria and said he subsequently received additional training in this area. The Complainant was also provided one-time priority consideration, because the position at issue had already been filled. I find no evidence that HR officials acted in bad faith in this matter or that they were motivated by discriminatory considerations in their actions.

Complainant's argument challenges the wisdom of management's business decision. His disagreement over management's business decision does not constitute evidence that it was motivated by discriminatory animus. Without proof of a demonstrably discriminatory motive, management's personnel decision will not be second-guessed. *See, e.g., Chavez v. United States Postal Service*, EEOC Appeal No. 0120055246 (January 5, 2007); *see also Carson v. Bethlehem Steel Corporation*, 82 F.3d 157, 159 (7th Cir. 1982) (noting that "the question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason [was discriminatory]"). Complainant's subjective belief does not constitute evidence of pretext. *See Mroz v. Dep't of Defense,* EEOC Appeal No. 01A33187 (Jan. 23, 2004). Complainant has produced no evidence from which a reasonable fact-finder could conclude that management's explanations were pretext for unlawful discrimination.

**Pretext**

Other than the Complainant's assertions, he has presented no evidence which would confirm his claim that management's actions were based upon his protected group status.  Hence, management's nondiscriminatory reasons have not been proven to be a pretext for illegal discrimination.

**Conclusion**

Pursuant to my authority to decide this matter on behalf of the Secretary of the Army, I find that the Complainant was not subjected to discrimination based upon the evidence in the case file and for the reasons cited above.

The record reflects that the Complainant was not represented during the processing of his complaint.  Since he is not a prevailing party, and is not represented by an attorney, he is not entitled to any relief, including attorney's fees or costs.  Moreover, attorney's fees are not payable during the administrative processing of age discrimination complaints.

If the Complainant is not satisfied with this decision, his appeal rights follow:

**APPEAL RIGHTS**

1. The Complainant may file a Notice of Appeal with the Equal Employment Opportunity Commission (EEOC or Commission), Office of Federal Operations (OFO) at any time up to thirty (30) calendar days from receipt of this Final Agency Decision (FAD).  The Complainant may file the appeal by using EEOC's Public Portal, by mail, or hand-delivered.

a. Appeals submitted electronically should be completed by visiting https://publicportal.eeoc.gov/Portal/Login.aspx.  **See warning below and detailed instructions** (Enclosure 1).

**WARNING!**

**Attorneys and non-legal representatives MUST NOT use the EEOC Public Portal to file appeals on behalf of their clients because the system will incorrectly list the representative as the complainant. Therefore, complainants MUST file appeals themselves through the EEOC Public Portal, regardless of whether they are represented.**

b. Appeals submitted by mail should be completed by using EEOC Form 573 (Enclosure 2) and forward to:

- 8 -

Director
U.S. Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, DC  20013
Fax No.  202-663-7022

**During the Coronavirus National Emergency, EEOC OFO does not have access to U.S. Mail; rather, they ask that all submissions and communications from the complainants be digital, via the Public Portal/FEDSEP at https://publicportal.eeoc.gov/Portal/Login.aspx** (Enclosure 3)**.**

**For more Commission information and resources, please go to the EEOC's COVID-19 information links at: https://www.eeoc.gov/coronavirus/.**

2. Any statement or brief in support of your appeal must be submitted to the OFO within 30 calendar days of filing the notice of appeal.  The OFO will accept statements or briefs in support of an appeal by facsimile transmittal, provided they are no more than 10 pages long.

3. At the same time that information is provided to the Commission, the Complainant **MUST** also furnish a copy of the appeal, and any supporting statements or briefs, to the Agency.  In or attached to the appeal and any supporting statements or briefs to the Commission, the Complainant **MUST** certify the date and method by which service was made to the Agency (Director, Equal Employment Opportunity Compliance and Complaints Review).

Director
Department of the Army
Equal Employment Opportunity Compliance and Complaints Review
ATTN:  SAMR-EO-CCR
5825 21st Street
Building 214, Room 129
Fort Belvoir, VA  22060-5921
Fax No.  (703) 805-8722
Email:  usarmy.pentagon.hqda-asa-mra.mbx.eeoccr@army.mil

**During the Coronavirus National Emergency, EEOCCR does not have access to U.S. Mail; rather, they ask that all submissions and communications from complainants be digital, via the EEOCCR Emailbox.**

Please also furnish a copy of the appeal and supporting statements or briefs to the Agency Representative at the address listed on the Certificate of Service

(Enclosure 4) at the same time the appeal is filed.  The regulation providing for appeal rights is contained in Title 29, C.F.R., Part 1614 Subpart D.  The Code of Federal Regulations is available at http://www.eeoc.gov/federal/directives/1614-final.cfm.

4. The thirty (30) calendar day time period within which to appeal will be calculated from the date of your receipt of this FAD.  If an appeal is not filed within the prescribed time limit, the appeal may be dismissed as untimely by the Commission. The Commission will deem the appeal filed on the day it is faxed, delivered in person, or postmarked.  In the absence of a postmark/legible postmark, the appeal will be deemed filed on the date it is received.

5. If the Complainant is represented by an attorney of record, the thirty (30) calendar day time period within which to appeal shall be calculated from the date of receipt of the FAD by the attorney.  In all other cases, the time within which to appeal shall be calculated from the Complainant's receipt of the FAD.

## CIVIL ACTION

1. Deadline to File Suit.  In lieu of an appeal to the Commission, the Complainant may file a lawsuit in the appropriate United States District Court.  The Complainant is authorized under Title VII, the Age Discrimination in Employment Act (ADEA), and the Rehabilitation Act to file a civil action in an appropriate United States District Court:

a. Within ninety (90) calendar days of receipt of the FAD on an individual or class complaint if no appeal to the Commission has been filed;

b. Within ninety (90) calendar days of receipt of the Commission's final decision on appeal; or,

c. After 180 calendar days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

The Complainant must file the lawsuit **WITHIN NINETY (90) CALENDAR DAYS** of the date of receipt of this FAD, unless the Complainant has appealed the case to the Commission.  Failure to file a lawsuit within ninety (90) calendar days of receipt of this FAD may result in the dismissal of the suit.  Filing a civil action shall terminate Commission processing of the appeal.  If a private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing.

2. Special Deadline for Age Discrimination Civil Actions.  As to any claim based on the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a), not only must you file suit within ninety (90) calendar days of receipt of this decision, you MAY only have SIX YEARS FROM THE DATE OF THE ALLEGED DISCRIMINATION TO FILE

- 10 -

allegations of age discrimination in a lawsuit.  See, 29 U.S.C. 633a (f); and 28 U.S.C. 2401.  Filing an appeal to the Commission will not stop that time from running.  You may be barred from filing such a suit, should you allow the time limit to expire, even if you have an appeal in progress with the Commission.

3. Proper Defendant.  You are further notified that if the Complainant files a civil action, she **MUST** name the appropriate Department or Agency head as the defendant and his or her official title.  **DO NOT NAME JUST THE AGENCY OR DEPARTMENT.** Failure to name the head of the Department or Agency or to state his or her official title may result in the dismissal of the case. The appropriate agency is the Department of the Army.  The head of the Department of the Army is the Honorable Christine E. Wormuth, Secretary of the Army.

## RIGHT TO COUNSEL

If the Complainant chooses to file a lawsuit and does not have an attorney or is unable to obtain one, the Complainant may request the court to help the Complainant locate an attorney to represent the Complainant.  The clerk's office of the nearest U.S. District Court is the best place to contact in order to find out if the court can help the Complainant locate an attorney.  If the Complainant cannot afford an attorney, the clerk's office will explain how the Complainant may request the court to appoint an attorney to represent the Complainant without payment of any fees or costs.  If the Complainant needs this kind of help, the Complainant should contact the court as soon as possible, but no later than ninety (90) calendar days from the date the Complainant receives this FAD.  THE NINETY (90) CALENDAR DAYS TO FILE SUIT WILL NOT BE EXTENDED WHILE THE COMPLAINANT ATTEMPTS TO OBTAIN AN ATTORNEY. IF THE COMPLAINANT IS GOING TO FILE A LAWSUIT, THE COMPLAINANT MUST DO SO WITHIN NINETY (90) CALENDAR DAYS WITH OR WITHOUT AN ATTORNEY.

- 11 -

## Docket Numbers

The docket numbers identified on Page 1 of this letter should be used on all related correspondence.

Sincerely,

*Spurgeon A. Moore*

Spurgeon A. Moore
Director, Equal Employment Opportunity
Compliance and Complaints Review

Enclosures

STEVEN M. FITTEN

Attorney & Counselor-at-Law

300 Vista del Rey Drive

El Paso, TX 79912

(937) 732-4021

smfitten@hotmail.com

April 19, 2021

Clerk of Court
U.S. District Court
Southern District of Georgia
Civil Division
124 Barnard Street
Savannah, GA 31401

SUBJECT:  Civil Action Filing, Steven M. Fitten v. Christine Wormuth, Secretary of the Army

Enclosed for filing this day are the original Civil Complaint, along with two (2) copies; a JS 44 Cover Sheet, and Civil Summons forms along with an USPS money order for the $402.00 filing fee. Also please find a pre-addressed envelope for the return of document copies.

Thank you for every consideration.

Respectfully,

STEVEN M. FITTEN

1

```
Court Name: Southern District of Georgia
Division: 4
Receipt Number: SAV040407
Cashier ID: wprescot
Transaction Date: 04/20/2022
Payer Name: Steven Fitten
-------------------------------------
CIVIL FILING FEE- NON-PRISONER
 For: Steven Fitten
 Amount:          $402.00
-------------------------------------
PAPER CHECK CONVERSION
 Check/Money Order Num: 2484
 Amt Tendered:  $402.00
-------------------------------------
Total Due:       $402.00
Total Tendered:  $402.00
```

Align top of FedEx Express® shipping label here.

Part # 156297-435  RRDB  EXP 02/23

ORIGIN ID:ELPA  (915) 235-4588
STEVEN MAURICE FITTEN
300 VISTA DEL REY DR

EL PASO, TX 79912
UNITED STATES US

TO  CLERK OF COURT
USDC, SD GEORGIA
124 BARNARD ST

SAVANNAH GA 31412

SHIP DATE: 19APR22
ACTWGT: 0.80 LB
CAD: 6890880/SSF02300

BILL CREDIT CARD

REF:
DEPT:
PO:
INV:

FedEx
Express

E

REL#
3786546

TRK#  2722 0456 6470
0201

WED - 20 APR 10:30A
PRIORITY OVERNIGHT

31412
SAV
GA-US

XA SAVA







**FedEx** ®



ORIGIN ID:ELPA   (915) 235-4588
STEVEN MAURICE FITTEN
300 VISTA DEL REY DR

EL PASO, TX 79912
UNITED STATES US

TO CLERK OF COURT
USDC, SD GEORGIA
124 BARNARD ST

SAVANNAH GA 31412

REF:

SHIP DATE: 19APR22
ACT WGT: 0.80
CAD: 6890680/SSF02300

BILL CREDIT CARD

**XA SAVA**

TRK# 2722 0456 6470

WED – 20 APR 10:30A
PRIORITY OVERNIGHT

31412
GA-US   SAV

**FedEx**
Express

**This env**

You can
packing
packing tips.

Check your FedEx Express shipping document, the current
FedEx Service Guide or the conditions of carriage for complete
terms, conditions and limits of liability.

© 2020 FedEx 155475/155476 REV 11/20



Please recycle. See how we're connecting the world in
responsible  and resourceful ways at **sustainability.fedex.com**.